James H. O’Connor, J.
Petitioners move this court for an order directing the Inspectors of Election and the Board of Elections of Onondaga County to add their names to the register of voters of the First District of the Sixteenth Ward of the City of Syracuse, New York, Onondaga County, New York.
Petitioners were denied registration pursuant to section 2 of article II of the New York State Constitution and section 151 of the Election Law of the State of New York on the ground that they are not residents of the State of New York because of the fact that they are students at an institution of learning and there are no other or independent facts which indicate that the .petitioners have adopted the Election District in which they reside as their home.
*1031 The respondent cites the case of Matter of Watermeyer v. Mitchell (275 N. Y. 73) for that proposition. That case however involved a student who was living in a student dormitory at the time he sought to register to vote.
It is this court’s opinion that the case of Matter of Robbins v. Chamberlain (297 N. Y. 108) is controlling. There the court held that returning war veterans and their wives, occupying separate apartments, did have residence sufficient to entitle them to vote. The Court of Appeals in that case restricted the Watermeyer decision to a student who moved into a residence on the campus of an educational institution without any other fact indicating residence.
In today’s society the reasoning found in the Matter of Robbins case more clearly parallels the status of the petitioners herein. They are married, have left their parental firesides and have gone on their own. Simply because they are engaged in the enterprise of furthering their education and are living on money saved from prior labors does not mean that they have not acquired a bona fide residence in their Election District. Their automobile is registered in Onondaga County, they own furniture and personal effects which they have in their apartment and have opened a savings account in the community.
Therefore, an order may be submitted directing the registration of the petitioners herein.