George H. Vinette, J.
This is an application pursuant to the Election Law to compel the Commissioners of Election of the County of Onondaga to add to the register of voters the name of the petitioner. The matter came on to be heard on November 3, 1967, and a hearing was had that same day. Because of the proximity of the election on November 7, 1967, both parties dispensed with an immediate written opinion so as to permit the court to render its oral decision at the close of the proof. The parties requested that the court issue a written decision later so that the questions raised by the proceeding could be reviewed by an appellate court. All technical objections, as well as any questions of the issue’s being academic after the November 7, 1967 election, were waived by the parties.
Dale Goldhaber, the petitioner, was born in Detroit, Michigan, and is unmarried. He has lived in Norfolk, Virginia, and Chicago, Illinois, until the age of 21 years. His parents still reside in Chicago, Illinois. He is a graduate of the Chicago public school system and received a Bachelor of Science degree from Roosevelt University. Mr. Goldhaber arrived in Syracuse, New York, in August, 1965, to work towards his doctorate degree in psychology at Syracuse University with “the assumption” he would receive a teaching position while doing his doctoral work.
Mr. Goldhaber is engaged by the Syracuse University to teach both undergraduates and adult students at its University College and the College of Liberal Arts in Syracuse. He has held *112 these teaching positions since 1966. During the Summer months Mr. Goldhaber works full time for a salary on a research project financed by the Federal Government at Syracuse University. Mr. Goldhaber has earned for the first ten months of 1967 the sum of $6,600, at the above occupations.
Petitioner rents a two-story frame house in his name and shares it with three other males. He has a telephone in his name and maintains both a savings account and a checking account at a local bank. Mr. Goldhaber purchases mutual funds from a local stockbroker, purchases automobile insurance and personal property insurance from a local broker and registers his car locally. Mr. Goldhaber pays a resident New York State income tax. The only time Mr. Goldhaber ever voted before was in 1966 by absentee ballot in the State of Illinois.
Since the time he voted by absentee ballot in Illinois, petitioner began his stock purchases locally, purchased his insurance locally and changed his driver’s license to a resident license. This followed by a matter of a month the commencement of Mr. Goldhaber’s regular teaching schedule on the Syracuse University faculty. He testified that he is a resident of New York State and recognizes Syracuse, New York, as his home now and fully expects to remain at least until August, 1969, and to be working here during that time.
It is clear to this court that the petitioner is an integral part of the community in which he lives. He is no different from an engineer assigned for a three-or four-year term at a local plant of a large corporation or an employee in a management training program of a multiplant corporation who may move periodically. He is clearly not the type of unconcerned person against whom the restrictions of the Constitution and the Election Laws are aimed. He is not a semicloistered college student, but has left his parental fireside and is making his own way in his own profession. (Matter of Robbins v. Chamberlain, 297 N. Y. 108; Matter of Reiner v. Board of Elections, 20 N Y 2d 865.)
The studies carried out by petitioner are in furtherance of his teaching profession. This is his chosen career. This is now customary in the teaching profession. The petitioner meets the requirements of the Constitution and of the Election'Laws of this State to vote.