Dianne WHITTINGTON, Gerald S. Doyle, Jr., Linda L. Moore, individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

BOARD OF ELECTIONS for ONONDAGA COUNTY and the State of New York, et al., Defendants.

No. 70-CV-368.

United States District Court,
N. D. New York.

Dec. 8, 1970.

Richard A. Ellison, Syracuse, N. Y., for plaintiffs; Ronald J. Crowley, North Syracuse, N. Y., of counsel.

Eli Gingold, County Atty., Syracuse, N. Y., for defendants Bd. of Elections for Onondaga County, Richard A. Romeo and Dana L. Wortman; Louis J. Lefkowitz, Atty. Gen. of the State of New York, Albany, N. Y., for defendant John P. Lomenzo; Ruth Kessler Toch, Sol. Gen., Jack W. Hoffman, Asst. Atty.

Gen., William J. Kogan, Senior Atty., Albany, N. Y., of counsel.

### MEMORANDUM-DECISION and ORDER

PORT, Judge.

Plaintiffs in the above-entitled action have applied for injunctive relief and for the convention of a three judge court pursuant to 28 U.S.C. §§ 2281 and 2284. On behalf of themselves and all other persons similarly situated, plaintiffs attack the constitutionality of the New York Constitution, Article 2, Section 4 [1] and the New York Election Law, § 151.[2] Defendants have moved to dismiss the complaint.

After a hearing at a motion term on October 26, 1970, I denied plaintiffs' application for a temporary restraining order enjoining defendants from enforcing the aforementioned provisions of the Constitution and Election Law. At that time, I reserved decision on whether or not to call for the convention of a three judge court and the motions to dismiss the complaint.

### FACTUAL AND STATUTORY BACKGROUND

The named plaintiffs herein are each at least twenty-one years of age and are presently students at Syracuse University. Each claims a current residence in the City of Syracuse, a present intention of remaining a resident of Syracuse, and a lack of intention to move from his present residence in Syracuse.

At various times in October, 1970, the plaintiffs attempted to register to vote in Syracuse for the November, 1970 elections. Each was asked a series of questions by election officials relating to his student, occupational, and marital status. On the basis of plaintiffs' responses to those questions, the election officers decided that plaintiffs were not residents of Onondaga County within the purview of the New York Election Law, § 150 [3] and informed them that they would not be permitted to register. This denial, they claim, results from the application of the constitutional and statutory provisions under attack.

Article 2, Section 4 and Section 151 are similar in their import. They provide, in substance, that for registration and voting purposes, a person is not deemed to have gained or lost a residence by reason of his presence in or absence from a community while he is a student in an institution of learning.

Plaintiffs assert that these provisions, on their face and as construed and applied by the courts of New York, constitute a de facto "[d]eliberate and selective disenfranchisement" [4] of students in violation of plaintiffs' right to equal protection of the laws, due process of the law, freedom of movement and travel, privileges and immunities granted to the citizens of each state, and freedom from poll taxes. Specifically, plaintiffs seek

1. N.Y.Const. art. II, § 4. This section provides as follows:

   For the purpose of voting, no person shall be deemed to have gained or lost a residence, by reason of his presence or absence, while employed in the service of the United States; nor while engaged in the navigation of the waters of this state, or of the United States, or of the high seas; nor while a student in any seminary of learning; nor while kept at any almshouse, or other asylum, or institution wholly or partly supported at public expense or by charity; nor while confined in any public prison.

2. N. Y. Election Law § 151 (McKinney's Consol. Laws, c. 17, 1964). The portion of this section complained of is modeled after Article 2, § 4 and reads substantially the same except for its beginning, "For the purpose of registering and voting" and its substitution of the words "welfare institution" for "almshouse."

3. N. Y. Election Law § 150 (McKinney Supp. 1970). This section provides, in pertinent part:
   A qualified voter is a citizen who is or will be on the day of election twenty-one years of age or over, and shall have been a resident of this state, and of the county, city, or village for three months next preceding an election * * *.

4. Plaintiffs' Memorandum of Points and Authorities, p. 15, October 21, 1970.

declarations that the provisions are unconstitutional insofar as they permit or require the constructions that:

(1) Plaintiffs and other students similarly situated cannot change their voting residences to New York as long as they are students;

(2) Plaintiffs and other students similarly situated are not qualified to vote in New York solely by operation of the provisions; and

(3) Plaintiffs and other students similarly situated, by virtue of being in an enumerated category, are held to a more rigorous burden of proving their qualifications than other persons seeking to vote in New York.

## THREE JUDGE COURT

Since at least part of the relief sought by plaintiffs is an injunction against the "enforcement operation or execution"[5] of a law of state wide application, plaintiffs properly applied for the convention of a three judge court. But in such an instance, "the single district judge should consider whether the claim is substantial and, if he finds it is not, refuse to convoke a court of three judges and dismiss the action." Utica Mutual Insurance Company v. Vincent, 375 F.2d 129, 130 (2d Cir.), cert. denied 389 U.S. 839, 88 S.Ct. 63, 19 L.Ed.2d 102 (1967).

The criteria for determining whether or not a question is substantial are well settled:

The lack of substantiality in a federal question may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject.

California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 867; 82 L.Ed. 1323 (1938). Applying these criteria to the plaintiffs' contentions, I conclude that no substantial question has been presented.

Plaintiffs' contention that the aforementioned provisions preclude a student from changing his voting residence to New York, thus preventing him from qualifying to vote in New York, is "obviously without merit." The plain language of the statutes, that students shall not "be deemed to have gained or lost a residence" by virtue of their presence in a university community, does not suggest that students moving into New York to study cannot become residents and qualify to vote here. Rather, the statute is neutral—presence in a university community as a student is neither a positive nor a negative factor to be considered in determining one's residence. If a student seeks to register in his university community, he must present indicia of a bona fide residence therein, apart from his presence as a student, just as a construction worker who comes into the community to work on a new construction project would be required to establish a bona fide residence apart from his presence as a construction worker.

Contrary to plaintiffs' contention that the gloss put on the statutes by the decisional law creates a conclusive presumption that effectively prevents students from exercising their voting rights, the judicial interpretations confirm the statutes' neutrality. In Silvey v. Lindsay, 107 N.Y. 55, 13 N.E. 444 (1887), the Court of Appeals offered the construction which has been followed since its pronouncement:

The provision * * * disqualifies no one; confers no right upon any one. It simply eliminates from those circumstances the fact of presence in the

5. 28 U.S.C. § 2281 (1964) provides:
An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title.

institution named or included within its terms. It settles the law as to the effect of such presence * * * and declares that it does not constitute a test of a right to vote, and is not to be so regarded. The person offering to vote must find the requisite qualifications elsewhere.

107 N.Y. at 61, 13 N.E. at 446. See also Matter of Goodman, 146 N.Y. 284, 40 N.E. 769 (1895).

The New York Courts have given life to this principle by ordering the registration of students who have established the requisite qualifications. See Robbins v. Chamberlain, 297 N.Y. 108, 75 N.E.2d 617 (1947); Reiner v. Board of Elections of Onondaga County,[6] 54 Misc. 2d 1030, 283 N.Y.S.2d 963 (Sup.Ct.), aff'd mem. 28 A.D.2d 1095, 285 N.Y.S.2d 584 (4th Dep't), aff'd mem. 20 N.Y.2d 865, 285 N.Y.S.2d 95, 231 N.E.2d 785 (1967).

Assuming arguendo the validity of plaintiffs' claim that the questioned provisions single out students for treatment different from that afforded other segments of the citizenry, it does not necessarily follow that any resultant discrimination is invidious and that the claim of unconstitutionality is substantial. Even if the claim is not dismissible as "obviously without merit," it may lack substantiality "because its unsoundness so clearly results from the previous decisions of [the Supreme] Court as to foreclose the subject."

In Carrington v. Rash, 380 U.S. 89, 85 S.Ct. 775, 13 L.Ed.2d 675 (1963), appellant successfully attacked on equal protection grounds a provision of the Texas Constitution which prohibited any member of the Armed Forces who moved his home to Texas during the course of military duty from ever voting in any election in Texas. The Court stressed that Texas could legitimately "require that all military personnel enrolled to vote be bona fide residents of the community," 380 U.S. at 94, 85 S.Ct. at 779, and acknowledged that "special problems may be involved in determining whether servicemen have actually acquired a new domicile in a State for franchise purposes." 380 U.S. at 96, 85 S.Ct. at 780. But, the Court said, solution of such problems within a constitutional framework demands something more than a conclusive presumption of non-residence, "incapable of being overcome by proof of the most positive character." 380 U.S. at 96, 85 S.Ct. at 780.[7]

The Court emphasized that Texas's problems of determining whether applicants for the vote have fulfilled the bona fide residence requirement could be solved without violating the equal protection clause by adopting a statute similar to those adopted by other states. One such statute, approved as "reasonable and adequate," 380 U.S. at 96, 85 S.Ct. 775, by the Court was a section of the Georgia Constitution providing that no member of the Armed Forces could acquire the rights of an elector by reason of his being stationed on duty in Georgia. 380 U.S. at 92 n. 3, 85 S.Ct. 775. Other similar provisions were cited by the Court in a lengthy footnote approving state schemes which "treat military specially" but "do not absolutely prohibit any opportunity to prove residence." 380 U.S. at 92, n. 3, 85 S.Ct. at 778. See generally, 380 U.S. at 91–93 n. 3, 85 S.Ct. at 777–778.

In further contrast to the Texas Constitution's treatment of soldiers, the Court commented on the treatment afforded other traditionally "transient"

---

6. It is noteworthy that the successful petitioners in *Reiner* were Syracuse University students residing in the City of Syracuse. It might also be noted that the plaintiffs herein, unlike the students in *Reiner*, did not attempt to avail themselves of the procedures of New York Election Law § 331, which permits judicial review of Election Board decisions. *See* N. Y. Election Law § 331 (McKinney 1964).

7. Quoting Heiner v. Donnan, 285 U.S. 312, 324, 52 S.Ct. 358, 360, 76 L.Ed. 772 (1932).

groups under a statute [8] similar in consequence to the provisions under attack in this case: .

> The declarations of voters concerning their intent to reside in the State and in a particular county is often not conclusive; the election officials may look to the actual facts and circumstances. * * * By statute, Texas deals with particular categories of citizens who, like soldiers, present specialized problems in determining residence. Students at colleges and universities in Texas, patients in hospitals and other institutions within the State, and civilian employees of the United States Government may be as transient as military personnel. But, all of them are given at least an opportunity to show the election officials that they are bona fide residents.

380 U.S. at 95, 85 S.Ct. at 779 (footnote omitted).

In essence, the Court presented this scheme and the provisions of other states' constitutions to illustrate what is *not* a denial of equal protection. If a student is given an opportunity to show election officials that he has become a bona fide resident of a university community, a state statute which does not recognize his student status in that community as an indicia of residence does not deny him equal protection of the laws. The New York statutes under attack do precisely this.

Admittedly, the above-quoted passage and the Court's reference to the statutes of other states were by way of dicta; the precise question has not been raised squarely in the Supreme Court. But the lengthy and positive expressions in *Carrington* cannot be dismissed as "unconsidered dicta." See Green v. Board of Elections of City of New York, 380 F.2d 445, 451 (2d Cir. 1967), cert. denied 389 U.S. 1048, 88 S.Ct. 768, 19 L.Ed.2d 840 (1968).

■ This Circuit has not approved of the standard that except in "an open and shut case," it is better to convene a three judge court to determine initially whether the court should have been convened. See Heaney v. Allen, 425 F.2d 869, 871–872 (2d Cir. 1970).[9] Rather, "the best course for this circuit is for single district judges to continue conscientiously to pass on the substantiality of constitutional attacks on state statutes * * *." Heaney v. Allen, supra at 872. I have considered plaintiffs' arguments and conclude that plaintiffs have not presented a substantial federal question to this court.

■ In passing, it should be noted that although the plaintiffs presumably sought to register for the purpose of voting in the 1970 election, now a matter of history, the action is not mooted since their initial registration could qualify them to vote in subsequent elections without reregistering. See N.Y. Election Law § 352 (McKinney 1964).

For the reasons herein, it is

Ordered that the plaintiffs' motion to convene a three judge court be and the same hereby is denied; and it is further

Ordered that the defendants' motion to dismiss the complaint be and the same hereby is granted for want of a substantial federal question.

8. The Texas statute, Election Code art. 5.08 in. effect at the time of the *Carrington* decision reads in pertinent part as follows:
> * * * provided, that the residence of one who is an inmate or officer of a public asylum or eleemosynary institute, or who is an officer or employee in one of the departments of the government of this state, or of the United States, or who is a student of a school, college, or university, shall be construed to be where his home was before he became such inmate, officer, employee or student, unless he has become a bona fide resident in the place where he is employed as such officer or employee or is such student or inmate.

9. Contra, Jackson v. Choate, 404 F.2d 910 (5th Cir. 1968).