115 N.J. Super. 200 (1971)
278 A.2d 537
MICHAEL C. MICHAUD, PLAINTIFF,
v.
WILLIAM F. YEOMANS, ESSEX COUNTY COMMISSIONER OF REGISTRATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided June 1, 1971.
*202 Mr. Francis P. McQuade, for plaintiff.
Mr. Dennis J. Quinn, Deputy Attorney General, for defendant (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
CAMARATA, J.S.C.
In October 1970 plaintiff was a student at Seton Hall University (hereinafter university) residing in one of the dormitories on campus. On or about October 15, 1970 he applied to the Clerk of South Orange to register as a voter, which the Clerk refused to do. For determination is whether plaintiff, as a student at the university, was entitled to register and vote from the 5th Election District in South Orange.
On October 19, 1970 plaintiff, pursuant to N.J.S.A. 19:4-4.5, filed a verified statement with the Commissioner of Registration (hereinafter referred to as Commissioner) setting forth his domicile as the university. The cited statute provides, among other things, that the filing of the statement
* * * shall be prima facie evidence that the place of residence in this State identified therein is the domicile of the affiant. In the absence of evidence contrary thereto appearing either in said statement or otherwise, the affiant shall be entitled to register or reregister within the voting district where such domicile is located, provided he possesses all other qualifications entitling him to do so * * * [Emphasis added]
The Commissioner refused to register him.
Generally, a student is presumed not to have the right to vote in the municipality where a university is located. 29 C.J.S. Elections § 22 at 80; 25 Am. Jur.2d, Elections, § 71; Annotation 98 A.L.R.2d 487 (1964). He must overcome this presumption by a preponderance of the evidence. Brueckmann v. Frignoca, 9 N.J. Misc. 128 (Cir. Ct. 1931). The burden of establishing the fact of domicile is on the party who relies on it. Domicile is factual and *203 each case must be evaluated and determined by its own facts and circumstances. Lea v. Lea, 18 N.J. 1 (1955).
It is in this legal context that the cited statutory presumption of plaintiff's statement creating a prima facie fact of domicile must be judged.
The cited statute permits acceptance of plaintiff's statement as to domicile in the absence of evidence appearing in the statement or otherwise. Part of the contrary evidence before the Commissioner were answers in plaintiff's statement filed on October 19, 1970, wherein plaintiff listed two addresses as residences: Fort Mott State Park, Salem, New Jersey (hereinafter Fort Mott) and 400 South Orange Avenue, South Orange.
The cited statute permits the Commissioner to act in a summary manner. He may or may not conduct an investigation and may or may not require additional information from the affiant. It appears neither was done or requested by the Commissioner at the time plaintiff filed his statement.
At the hearing before this court plaintiff's counsel stated that the Commissioner's attorney had, after the suit was instituted, propounded interrogatories which plaintiff answered. This the Commissioner could have done at the time the statement was filed by plaintiff. Plaintiff's counsel conceded that if it had been done, the probabilities were that the Commissioner's decision would be the same.
To now remand the matter to the Commissioner would serve no useful purpose. The interrogatories will be considered as propounded by the Commissioner nunc pro tunc October 19, 1970. The court concludes that the Commissioner rebutted the presumption or prima facie evidence of domicile as set forth in the cited statute.
In In re McCarthy, 18 N.J. Misc. 5, 7 (Cir. Ct. 1939), the court, in considering an election matter, referred to temporary residences and held that a temporary residence is not an actual residence, as contemplated by the laws of our *204 State. The court included "seats of learning" as temporary residences.
This court has not been referred to a New Jersey case exactly in point where a student has been permitted to vote from a university. Cases in other jurisdictions are factually distinguishable from the instant one, e.g. Reiner v. Board of Elections, Onondaga County, 54 Misc.2d 1030, 283 N.Y.S.2d 963 (Sup. Ct. 1967); Robbins v. Chamberlain, 297 N.Y. 108, 75 N.E.2d 617 (Ct. App. 1947); Chomeau v. Roth, 230 Mo. App. 709, 72 S.W.2d 997 (App. Ct. 1934).
In Reiner petitioners sought to register to vote. The board of Elections denied registration on the ground they were not residents of New York because their presence in that state was premised on their status as students at an institution of learning. On appeal the court reversed the board stating:
They are married, have left their parental firesides, and have gone on their own. Simply because they are engaged in the enterprise of furthering their education and are living on money saved from prior labors does not mean that they have not acquired a bona fide residence in their Election District. Their automobile is registered in Onondaga County, they own furniture and personal effects * * * and have opened a savings account in the community. [Emphasis added]
In Chomeau the students were permitted to vote. They were attending a seminary to be educated for the ministry in the Lutheran Church. When they left their homes to enter the seminary, they did so with the intention of not returning to their homes permanently. Upon their graduation they were subject to call to one of the Lutheran congregations or missions in any part of the world.
In Robbins the court permitted the petitioners to vote. They were students who were living with their wives and children in an apartment in a housing development. The court held that each man was actually the head of a family unit consisting in most casees of himself and his wife, and said:
These students are family men, not college boys away from their parental homes. True, their tenure of occupancy at Shanks Village *205 can continue only while they are students, but, since they have no other homes, their tenure is temporary or indefinite only in the same sense as the tenure of the occupant of a city apartment house.
In the instant case, in order for the plaintiff to establish his right to register to vote, he must show that his fixed domicile or permanent home is the university. A residence and domicile are not synonymous. The difference is one of intention. In order for a person to acquire a domicile it is necessary that there be an intention not only to live at the place but also to make a home there. State v. Benny, 20 N.J. 238, 251 (1955); Perri v. Kisselbach, 34 N.J. 84, 87 (1961); State v. Atti, 127 N.J.L. 39 (Sup. Ct. 1941), aff'd o.b., 128 N.J.L. 318 (E. & A. 1942). A person may have more than one residence but he may not have more than one domicile. State v. Atti.
Having considered the testimony, the exhibits and the interrogatories, the court concludes that plaintiff has not, by a preponderance of the evidence, demonstrated or rebutted the presumption that as a student he is not domiciled at the university. The following evidence is contrary: plaintiff's stay at the university is contingent upon his being a student; he has no key to a room at the university; he gives his parents' address, Fort Mott, on records of employment, driver's license, draft board, social security, Blue Cross, bank loans and to the registrar of the university; he filed his income tax returns from Fort Mott, with any refund to be sent to Fort Mott; he has no clothes at the university; his grades are sent to his parents' home at Fort Mott; he made employment applications in Salem, New Jersey, and his mail is to be forwarded to his sister's home in Pennsylvania.
The court concludes that (a) plaintiff did not intend to give up his residence or his domicile at his parents' home in Fort Mott, nor did he intend to make the University his permanent address. Vanderpoel v. O'Hanlon, 53 Iowa 246 [5] N.W. 119 (1880); and (b) on October 19, 1970, he was not domiciled at the university.
The Commisioner's action in denying the plaintiff the right to register and vote from the university is affirmed.