James P. O’Donnell, J.
The petitioners in the Onondaga County action are students at Syracuse University. Some of the petitioners are new prospective voters between the ages of 18 and 21 and were given the right to vote by adoption of the Twenty-sixth Amendment. They now seek to register and vote in the election districts in Onondaga County upon the grounds they have taken up residence in the county. In most instances, they are dormitory residents.
In the second action, one brought in Oneida County, they are students at Hamilton College, Kirkland College and Utica College. They likewise seek to register and vote in election districts in Oneida County. All of the petitioners were refused registration upon the grounds that they did not comply with section 151 of the Election Law dealing with students living away from home. The actions are in the nature of a class action seeking to test the constitutionality of section 151 of the Election Law. *767 The petitioners allege that section 1971 (subd. [a], par. [2], sub-par. [A]) of title 42 of the United States Code pre-empts section 151 of the Election Law and renders the law unconstitutional. Section 151 of the Election Law was amended by the 1971 Legislature and became a law July 2, 1971. It reads as follows: “ Graining or losing a residence, (a) For the purpose of registering and voting no person shall be deemed to have gained or lost a residence by reason of his presence or absence while employed in the service of the United States * * * nor while a student of any institution of learning ”.
“ (c) In determining a voter’s qualification to vote in a particular election district, the board to which such application is made shall consider ” certain criteria of residents. The law goes into the dependency of the individual, the fact of marriage status, age, property, etc. Just as in section 1971 of title 42 of the United States Code prefacing the law as follows: “ No person acting under color of law shall — (A) In determining whether an individual is qualified under State law or laws to vote in any election” (italics supplied); so, too, the petitioners shall not use ‘ ‘ color of intent ’ ’ to qualify to register and vote. The State law directs the Inspectors of Election to use certain criteria to determine if a student has in fact established a voting domicile. The same law applies to that other classification set forth in section 151. The amendment to the Election Law appears to have been taken from provisions set forth in case law testing whether a domicile has been established or not. (Matter of Robbins v. Chamberlain, 297 N. Y. 108; Matter of Reiner v. Board of Elections of Onondaga County, 54 Misc 2d 1030, affd. 28 A D 2d 1095, affd. 20 N Y 2d 865.) The petitioner urges Carrington v. Rash as a case supporting his position. In reading the case, the court feels that the court held that the State court may make reasonable criteria to determine voter qualification. In that case, the Texas Constitution prevented members of the armed service moving into Texas from ever voting in Texas elections. The court struck down the provision of the Constitution as being unconstitutional because the law presented a conclusive presumption of nonresidence. (Carrington v. Rash, 280 U. S. 89.) In Whittington v. Board of Elections of Onondaga County, a Northern District of New York case, Judge Port held that section 4 of article II of the State Constitution and section 151 of the Election Law were not unconstitutional. He held that section 151 was an evidentiary statute and was used only to determine whether a domicile was established.
Upon all the memorandums submitted to this court, it is the holding of the court, that section 151 of the Election Law of the *768 State of New York does not violate the Federal or State Constitution. Two, that section 1971 (subd. [a], par. [2], subpar. [A]) of title 42 of the United States Code does not render section 151 of the Election Law unconstitutional and that the petitioners’ petition is in all respects denied.