William W. Sebea, J.
These five proceedings have been instituted to challenge the alleged failure to register the five petitioners above named in order that each may vote at the November, 1972 election.
The respondent, Board of Elections of the County of Allegany appeared herein represented by the County Attorney and objected to proceeding on the grounds that the Board of Inspectors of the Election Districts of the Town of Alfred were not served. The court has ruled, and hereby affirms, that the Board of Inspectors, upon the evidence received, are neither necessary nor proper parties to these proceedings.
Each of the petitioners contends that he or she has been denied registration to vote by the inspectors of election and/or the County Board of Elections and demands an order directing his or her registration as a duly qualified voter.
Upon a hearing as to each of the petitioners, the court finds that each of the petitioners appeared and requested registration at the appointed place for voter registration for residents of the Town of Alfred on October 6, 1972, except petitioner Considine who presented himself on October 10, 1972. Each was told his or her residence was challenged. Except for petitioner Considine, each signed a voter registration card which was forwarded to the County Board with a check mark in the printed space indicating the voter was challenged. In fact, no challenge took place, the prospective voter was not sworn, was not interrogated pursuant to the statute, no answers to the statutory requirements were reduced to writing, no challenge affidavit was submitted to or signed by any of these petitioners as applicants, no inspector signed the affidavit or filled in any description of the applicant. No such challenge affidavits have been filed with the Board of Elections as to these petitioners as required by sections 171, 172 and 398 of the Election Law. *764 Except as to petitioner Considine, check cards were forwarded to the Board of Elections, submitted to the Sheriff and reported on. The basis of such check card issuance in each case was an alleged challenge. In the case of Alicia R. Vaughn, the word student ’ ’ was also written on the check card. The check card was, in each case returned by the Sheriff’s office, signed by a Deputy Sheriff showing that the applicant was not interviewed. None of the check cards reported the name of any person interviewed as required by the statute. In the case of -Miss Vaughn, the deputy gives no opinion as to validity of the registration, answering ‘ unknown ’ ’ and noting £ ‘ she is a student but she lists no home address.” In the case of the others he states an opinion that the registration is £ ‘ not valid ’ ’ but states the reasons as follows: for McMaster, “Home address is Naples, Fla.”; for Glass, “A Long Island, N. Y., address is listed as his home address; ” in the case of Rak, ‘ ‘ A Middletown, Conn, address is listed as a home address.”
The petitioner Considine was refused registration at the Alfred registration place and was sent to the County Board at Belmont where he signed a registration card which was marked ‘ challenged ’ ’ and “check card issued.” No oath was given to him and no challenge affidavit filled out or filed. No evidence has been given that any check card report was ever received by the board from the Sheriff’s office.
Following the attempted registration at which each defendant was told his registration was challenged for nonresidency as a student at Alfred University, each petitioner herein filed an affidavit with the Board of Elections, setting forth, in addition to the statutory information on the registration card, his basis for claiming residency.
On the basis of this background, on October 20, 1972, each of the petitioners was sent a form letter from the County Board of Elections setting forth an address, based solely upon the Sheriff’s returned voter check card giving an address as the home address of the applicant located outside the County of Allegany. Each letter stated in part, “ It is the decision of this board that you are not a resident of Allegany County for voting purposes. You have until October 27, 1972, to show cause to the Board why such registration should not be cancelled.” The letters were addressed to the applicants’ claimed addresses in Allegany County and were received by each of them.
No other challenge to the residence of the applicants is shown. No affidavits of challenge subsequent to the attempted registrations were filed by any person under section 398 of the Election *765 Law and no notifications have been sent to the petitioners by certified or registered mail pursuant to that section.
The Board of Elections, on this hearing, has not claimed that further administrative procedures are available to the petitioners before the 1972 elections or that the decision as to non-residency is subject to further consideration by it, despite the language of the form letter. Subject to its continuing objection that the Board of Inspectors are necessary parties, overruled by the court, it has submitted the merits of its decision to a hearing and a review has been had by the court under the rules laid down in Palla v. Suffolk County Bd. of Elections (38 A D 2d 84, affd. 31 N Y 2d 36).
In relation to the individual circumstances of the petitioners the proof of each petitioner was presented to the court and findings made as hereinafter set forth.
As to the petitioner Robert P. McMaster, the court finds that he is a student at Alfred University, which he entered in September, 1969. He is 22 years of age. His home upon college entrance was at Plymouth, New Hampshire, and he resided originally in student quarters at the university. In the summer of 1971, he went to Pelham, New York, where his parents then resided and attended Westchester Community College until February, 1972, when he returned to Alfred and took up residency in Alfred, outside the college area in the Village of Alfred. He has been partly dependent on his parents and partly self-supporting. He is a history student, has a private bank account in Alfred registered under the Alfred address,_an automobile registered at the Alfred address, was last employed at Hornell, New York. He registered his permanent address in Alfred with the university as a change of address in August, 1972, at 23% North Main Street, Alfred, New York. He is studying history and states under oath it is his permanent intention not to return to Pelham, New York, where he has no possible residence but to reside permanently in the Alfred area. His parents have moved to Naples, Florida. Mr. McMaster has never been to Naples, Florida, and has not seen his parents since they moved there. He gave up his savings bank account at Pelham, New York, six months ago. Some of the furnishings at his present address are his own and part are rented as a part of the apartment rental. The letter sent by the board gives his indicated residence as Naples, Florida.
Elizabeth Rak is a student at Alfred University, 20 years old. She has been totally self-supported since she left high school. For a time she resided in 1969 at Cape Cod following grad- *766 nation from high school on a self-supporting basis. She banks in Alfred, registering at her address at 67 West Main Street in Alfred. From June, 1970, until the summer of 1971, she operated a fabric store in Ithaca as a full-time occupation and returned to Alfred to attend school in September 1971, paying all her own tuition. She has no property at the home of her parents, plans to marry an Alfred resident in November, 1972, and expresses an intention not to return to her parents’ home to liye in the foreseeable future. The board letter states her indicated residence is Middletown, Connecticut.
David Glass is a student at Alfred University. Upon graduation from high school in June, 1970, he left his family home in Long Island City and worked in Alaska and the west coast of the United States and Canada for 14 months before starting college. He has been at his parents home only pn occasional visits since that time. In 1972, he visited his parents for a week. He rents an apartment at 67 West University Street in Alfred, banks at Alfred, and is self-supporting except for some supplemental help from his father by way of loans deposited as needed in a joint bank account in Long Island City. He has no property in Long Island City. His most recent employment, in October, 1972, was in Alfred. He states under oath his present address for all purposes is 67 West University Street, Alfred, New York. He is 19 years old. The Board of Elections letter states his indicated address is 3973 — 46th Street, Long Island City, New York.
The court finds that Robert Considine, 19 years old, was completely refused registration at the appointed place for registration in the Town of Alfred. He went to the office of the County Board of Elections at Belmont, and signed the registration card which was marked as challenged, with a check card executed. His address was given therein and under oath before this court as 5 Apt. J, Pine Hill, Alfred. He is 19 years old and first registered at Alfred University where he is a student, in September, 1971, giving as his home address, his parents’ address at Banton, Connecticut. On reregistration at the university in September, 1972, he gave as his address the Alfred address which he claims under oath as his sole address. He has not resided with his parents since leaving home in June, 1971. His mother lives in New York City. He is totally self-supporting, mostly through scholarships and education loans. No evidence of any kind has been shown to have been presented to the board by way of challenge affidavit, police or Sheriff’s check or otherwise to contradict his signed registration or testimony herein *767 as to Ms residence. The Board of Elections letter states his indicated address is Banton, Connecticut.
The court finds that Alicia Rose Vaughn is a 22-year-old graduate student at Alfred University. She signed the registration card giving her address as Ormsby Road, Box 182, Almond, New York, where, she testified, she presently .resides and rents an apartment. Such post-office address appears to relate to a residence in District 2, Town of Alfred, according to the evidence received. She claims permanent residence at this address since December, 1971. She is totally self-supporting by way of scholarships, loans and part-time employment. She has worked as an assistant teacher at Alfred University. Her affidavit of October 12, 1972, and her testimony affirm her signed registration card to the effect that she has no other address than the Alfred address. Miss Vaughn registered in 1971 to vote in Huntington, Long Island, to vote from her mother’s address. Her mother has since moved to Manhattan and Miss Vaughn has no address at Huntington and does not know who lives in her mother’s former home at 77 West Shore Road, Huntington. She returned the absentee ballot sent her this year from Huntington unused by reason of her nonresidency there. Her automobile is registered from the Alfred address, (P. 0., Almond), as are her bank accounts in the Alfred Mutual Savings and Loan and the Citizens National Bank and Trust Company. The letter of the Board of Elections gives as her indicated address 77 West Shore Road, Huntington, New York.
Section 151 >of the Election Law provides that no person shall be deemed to have gained or lost a residence by reason of presence or absence from home under certain enumerated circumstances, including that of being a student at an institution of learning. It provides a proceeding, by way of filing a written statement by which an absentee .student can protect his right to vote in his home election district. It further provides for a test of residency by the following definition: “ (b) As used in this article, the word ‘ residence ’ shall be deemed to mean that place where a person maintains a fixed, permanent and principal home and to wMch he, wherever temporarily located, always intends to return.” Section 151 further provides that the Board of Elections is not bound by the applicant’s expressed intent but that it may consider other evidence of facts as set forth therein as to conduct of the applicant and attendant surrounding circumstances relating thereto to determine the qualification of an applicant to vote in an election district within its jurisdiction. The procedures of challenge and Sheriff’s check *768 by which such determination is to be made have already been discussed, supra.
In determining the bona fides of an applicant’s claim of residency, the fact that they are students, while a factor for consideration neither forecloses nor insures their registration in a particular district. The right to retain or establish anew a permanent residence is protected by statute, section 151 of the Election Law, by section 4 of article II of the New York State Constitution, and by rulings of the Court of Appeals of the State of New York (Matter of Garvey, 147 N. Y. 117; Matter of Robbins v. Chamberlain, 297 N. Y. 108).
It is noted that section 151 of the Election Law provides in part that the decision of a board to which such application is made shall be deemed presumptive evidence of a person’s residence for voting purposes. A presumption, however, is rebutted when facts to the contrary are established by evidence. In the face of credible evidence a presumption fades into a nullity and is overcome. (People v. Langan, 303 N. Y. 474; St. Andrassy v. Mooney, 262 N. Y. 368.) Where, as here, it has been shown upon trial that the decision creating the persumption is based upon no proper challenge affidavits and no proper check card investigation or other valid evidence it cannot have any validity as a presumption. Certainly, even if a basis not demonstrated on trial existed, no credible evidence has been shown to contravene any of the petitioner’s credible prima facie proof. Indeed, in the case of the petitioner Considine, no evidence, even hearsay, admissible on any basis has been shown upon which to base a finding of the board contrary to his signed registration card, affidavit and testimony.
The findings of the Board of Elections of the County of Allegany, as to each petitioner, as announced in the letters sent to each petitioner on October 20, 1972, are vacated and declared a nullity. The registrations shall continue as valid registrations to vote in accordance with their respective eligibility as adult voters or as presidential voters in the appropriate election district of their respective residences.
Each petitioner has included in his petition a demand for an allowance of1 counsel fees. No basis has been shown for either statutory or equitable relief in this regard based upon any evidence in the cases or authority in the State of New York. In a memorandum filed subsequent to the hearing, the attorney for each of the petitioners has urged upon the court the case of Sims v. Amos (340 F. Supp. 691). This was a case in which the reapportionment of the State Legislature of the State of *769 Alabama was brought as a class action and based upon the • contumacious and persistent refusal of the Legislature to reapportion, counsel fees were allowed against the State of Alabama for the class represented by the attorneys for the original petitioners. Such case is completely inapplicable to the present circumstances which involve individual claims of prejudice and violation of civil rights unrelated to the rights of others. There being no class affected or other showing of grounds for allowance, the demand is disallowed and denied.