PIERRE SOUCY, T. C. *vs.* C. PRESCOTT KNIGHT.

JUNE 28, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is an action in assumpsit brought by the collector of taxes of the town of West Warwick to recover from defendant the amount of taxes assessed against him by the assessors of said town in June, 1929, on intangible personal property. The case was tried in the Superior Court and is here on plaintiff's exceptions to the action of the trial justice in directing a verdict for the defendant and to rulings excluding certain testimony.

The relevant statute is Chapter 59, G. L. 1923, section 9, the pertinent part of which is as follows: "All ratable personal property, both tangible and intangible, shall be taxed as follows: . . . Twelfth. Except as otherwise provided by this section, or by any other law, all ratable personal property, both tangible and intangible, shall be taxed to the owner thereof in the town in which such owner shall have had his actual place of abode for the larger portion of the twelve months next preceding the first day of April in each year."

The defendant testified that from 1889 to 1925 he lived at Greyholme Farm which is located in the town of West Warwick; that in the latter year he purchased Quidnesset Farm in the town of North Kingstown but did not move there until May 26, 1926, since when he has had there his actual place of abode; that he moved from West Warwick

in the Fall of 1925 and from that time he had no place of abode therein; that in 1926 he gave Greyholme Farm to his son, Webster Knight, II, who with his family have lived there ever since.

The plaintiff offered to prove that the defendant voted in the town of West Warwick in 1926 and 1928; that he paid no tax on intangible personal property in the town of North Kingstown for the year 1929 and that he paid no such tax in any city or town of the State for that year. This testimony was excluded and the plaintiff presses his exceptions to the rulings excluding the same. Had this testimony been admitted it would have availed the plaintiff nothing in meeting the issue raised in this case. The question to be determined is not whether the defendant had his domicile in the town of West Warwick but whether he had there his actual place of abode and consequently was subject to taxation therein on intangible personal property. The fact that the defendant voted in said town would be relevant were the question one of domicile but it has no probative value in determining where the defendant had his actual place of abode for the larger portion of the twelve months next preceding the first of April in the year 1929.

January 8, 1929, defendant wrote to the board of tax assessors of the town of West Warwick requesting them, as he was no longer a resident of the town, to remove the name of himself and his wife from the tax list. He testified that he wrote this letter as a matter of courtesy because the assessors had placed his name on the tax list for the three preceding years and he assumed that they had overlooked the fact that he had removed from the town.

The plaintiff called as a witness the chairman of the board of tax assessors who was asked if prior to the receipt of said letter any notice oral or written had been received from the defendant as to his change of address. The witness was not permitted to answer and plaintiff's exception was noted.

408

The plaintiff while conceding that defendant was under no duty to notify the assessors that he had removed from the town, contends that the testimony was admissible as tending to prove that the time of his removal was at or about the date of the letter. The letter gives no intimation as to the time when defendant ceased to be an habitant of the town and the answer to the question, which presumably would have been in the negative, would have had no probative value in contradiction of the defendant's positive testimony as to the date when he ceased to have in said town his actual place of abode.

Plaintiff relies on the constitutional provision as to qualification of voters and reasons that, if defendant voted in the town of West Warwick he must have had his home and residence there and was, therefore, subject to taxation therein. In *State* v. *Aldrich,* 14 R. I. 171, this court has construed the word "residence" as equivalent to home or domicile. In that case an attempt was made to oust the respondent from the office of town councilman of the town of Lincoln on the ground that he was not a qualified elector of said town. It appeared that the respondent for several years had an actual place of abode in the city of Providence where he had moved so that his wife could receive medical treatment; that he owned a house in Lincoln and intended to return there to live when his wife's health permitted. In holding that the respondent was a qualified elector of the town, Durfee, C. J., said: "Our conclusion is that the word 'residence', used in the Constitution in the two sections above cited, was there used as equivalent to 'home' or 'domicile', and was not intended to be understood in the restricted sense of actual habitation or abode."

The statute, making a person taxable on his personal property at the place where he has his actual place of abode, was passed for the purpose of making a distinction between residence or domicile and place of abode. *Goldsworthy* v. *Aldrich, supra,* illustrates this distinction. Intent is a necessary factor in the determination of a person's

domicile. "On the general question of domicile the question of a reasonable intent is controlling." *Finn* v. *Board of Canvassers,* 24 R. I. 482. A person's actual place of abode is dependent upon the physical fact of an actual habitation. His intent with respect to the place where he has his place of abode is immaterial. He may intend to remain there only temporarily but if he has an actual physical place of abode in a city or town "for the larger portion of the twelve months next preceding the first day of April in each year," it is in that city or town that he is liable for taxation on his intangible personal property. In *Greene* v. *Gardiner, C. T.,* 6 R. I. 242, in construing the term "actual place of abode," Ames, C. J., said: "The evil designed to be remedied by the clause of the tax-act of 1857, upon which this case turns, is well understood. Persons having a double residence, in town and country, would not unfrequently select the latter. as their domicile, though they spent only the summer months there, for the purpose of escaping, so far as their personal property was concerned, the higher rate of town taxation, whilst they enjoyed, during the greater portion of the year in town, all the comforts and conveniences secured by it. . . . The act simply declares to the plaintiff and others who have the advantage of a double residence, 'You *have been* taxed for your personal property in the town which you selected out of the two in which you lived; but you *shall be* taxed in that in which you have lived a major part of the twelve months next preceding the 1st day of April in each year'." *Arnold, Collector* v. *Davis,* 8 R. I. 341; *Tripp* v. *Brown,* 9 R. I. 240. The mere fact that the defendant paid no tax on intangible personal property in the town of North Kingstown or any other town for the year 1929 has no bearing on the question of his actual place of abode as he was under no duty to have his name placed on the assessment roll in the town where he abides. The fact that the proper officials did not place his name on said roll cannot be used in contradiction

of defendant's testimony that he had his actual place of abode in that town.

As the plaintiff offered no testimony that the defendant had an actual place of abode in the town of West Warwick or made any attempt to controvert the defendant's positive testimony that his actual place of abode in 1929 was in the town of North Kingstown, it was not error on the part of the trial justice to direct a verdict for the defendant.

All plaintiff's exceptions are overruled and the case is remitted to the Superior Court for entry of judgment on the verdict.

*Alberic A. Archambault, James W. Leighton,* for plaintiff.

*Hinckley, Allen, Tillinghast, Phillips & Wheeler, Chauncey E. Wheeler, Noel M. Field,* for defendant.

