In the Matter of FORTUNE P. RYAN et al., Petitioners, against ALGER B. CHAPMAN et al., Constituting the Tax Commission of the State of New York, Respondents.

Third Department, January 7, 1948.

*Curtis, Mallet-Prevost, Colt & Mosle,* attorneys (*Dudley B. Bonsal, George A. Reiss* and *Alan R. Rado* of counsel), for petitioners.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown, Solicitor-General,* and *John C. Crary, Jr., Assistant Attorney-General* of counsel), for respondents.

HILL, P. J. This is a proceeding under article 78 of the Civil Practice Act to review a determination of the State Tax Commission denying petitioners' claims for revision and refund of their 1943 and 1944 income taxes. They are man and wife, domiciled in the State of New York. In April, 1942, the husband was commissioned a second lieutenant in the United States Army and was assigned to duty at the Merced Army Air Field at Merced, California, where he arrived April 21, 1942. He became post adjutant of the headquarters and was stationed. there continuously until August, 1945. His wife and children joined him and beginning July 1, 1942, they resided in a leased home at Merced, California. They gave up the apartment they had occupied previously in New York and had no residence in the State from 1942 until his discharge from the army in August, 1945, and spent no time here. The State Tax Commission determined that petitioners were taxable residents of the State of New York in 1943 and 1944 and were not exempted by subdivision 7 of section 350 of the Tax Law, and refused the applications for a return of taxes for those years paid under protest.

The relevant portion of the statute under which petitioners claim exemption (§ 350, subd. 7) follows: " The word ' resident ' applies only to natural persons and includes any person domiciled in the state, except a person who, though domiciled in the state, maintains no permanent place of abode within the state, but does maintain a permanent place of abode without

the state, and who spends in the aggregate not to exceed thirty days of the taxable year within the state.''

Our courts, beginning with *People ex rel. Westchester Fire Insurance Co.* v. *Davenport* (91 N. Y. 574) to the present, have determined in substance that the grant of immunity to persons who, or property which, would otherwise be liable to assessment is never presumed unless granted in terms too plain to be mistaken and if there is any doubt as to the intention of the Legislature, it must be resolved in favor of enforcing the tax. It may not be gainsaid that the petitioners come within the exact language of the statute quoted, for they had no permanent place of abode in New York and maintained a permanent place of abode in California during 1943 and 1944, and did not spend thirty days in New York State during either of those years.

Bearing upon the legislative intent in the statute under consideration, subdivision 7 of section 350 further provides: '' In addition, it includes any person who maintains a permanent place of abode within the state and spends in the aggregate more than seven months of the taxable year within the state, whether or not domiciled in the state during any portion of said period, and such a person shall be taxed the same as though he had been domiciled in the state during the entire taxable year.'' The Legislature, in order to exclude therefrom persons in the armed forces of the United States not domiciled but who resided in this State, enacted the following: '' Notwithstanding the provisions of subdivision seven, the term ' resident ' shall not include a person in the armed forces of the United States who is not domiciled in the state, notwithstanding the fact that he maintains a permanent place of abode within the state and spends in the aggregate more than seven months of the taxable year within the state.'' (§ 350, subd. 7-a.) Had it been the intention to exclude members of the armed forces who were domiciled but not residents from the exemptions given in the earlier quoted provision of subdivision 7, equally explicit language would have been used.

Our court of last resort has quite recently decided that residence in this State by ex-service men who are attending school entitles them to the right to vote at the place of their temporary residence which will continue to be such only while they are students. (*Matter of Robbins* v. *Chamberlain*, 297 N. Y. 108.) This decision is at variance with the earlier popular understanding of the law.

The determination of the State Tax Commission should be annulled on the law and facts, with $50 costs and disbursements.

HEFFERNAN, RUSSELL and DEYO, JJ., concur; FOSTER, J., dissents in the following memorandum: Petitioner concedes that his domicile remained in the State of New York, and that he expected to return there upon his release from the army. He was not a professional soldier, and he did not become a resident of the State of California for tax purposes, or for any purpose except his temporary connection with the army. The exemption granted under section 350, subdivision 7, of the Tax Law, is given only to those domiciled in the State who maintain a permanent place of abode without the State. Petitioner's temporary residence in California in connection with his army duties was not a permanent place of abode within the meaning of the statute, as such meaning is revealed by the history and purpose of the statute. The determination of the State Tax Commission should be confirmed, without costs.

Determination of the State Tax Commission annulled on the law and facts, with $50 costs and disbursements.