JOHN R. LANDRY *vs.* CORNELL CONSTRUCTION COMPANY.

DECEMBER 30, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

CONDON, J.   This is a petition for specific compensation under the workmen's compensation act, general laws 1938,

chapter 300, article II, §12, as amended by public laws 1954, chap. 3297. The petitioner alleged therein that his entire right foot had been made permanently stiff as a result of an injury arising out of and in the course of his employment. The workmen's compensation commission found that only the toes of the right foot were permanently stiff and awarded specific compensation therefor. From a decree to that effect the respondent has appealed to this court.

Under its reasons of appeal respondent has briefed and argued the following two points: "I. The commission erroneously interpreted and defined the word 'stiff' and erroneously applied it to this case in which the commission expressly stated that the bodily members have passive motion which is used in performing their function in weight bearing and walking" and "II. The commission erroneously interpreted the phrase 'stiff or useless' in the concluding paragraph of section 12, and erroneously applied said paragraph to this case where the bodily members are useful but partially stiff."

The language of the paragraph originally read: "Where any bodily member or portion thereof has been rendered permanently stiff so as to be useless, or permanently useless, compensation in accordance with the above schedule shall be paid as if the member or portion thereof had been severed completely." P. L. 1947, chap. 1941. In 1954 the legislature amended such language as follows: "Where any bodily member or portion thereof has been rendered permanently stiff or useless, compensation in accordance with the above schedule shall be paid as if the member or portion thereof had been severed completely." P. L. 1954, chap. 3297, art. II, sec. 12.

The petitioner's injuries to the toes of his right foot arose out of and in the course of his employment on July 22, 1954. Chapter 3297, except the provisions thereof providing for the payment of benefits under "sections 6, 10, 11, and the first paragraph of section 12 of article II," took effect on

July 1, 1954. Hence, as far as petitioner's specific injuries are concerned they are to be defined and determined in accordance with that chapter. And there can be no question here that the injuries sustained by petitioner have rendered his toes stiff. The only question is whether they are stiff in the sense intended by the legislature in the context of that paragraph.

The respondent contends that as used in such context the word "stiff" should be strictly construed as intending to mean stiffness in the sense of a physical or functional loss consistently with the preceding twelve lettered paragraphs of sec. 12, each of which describes a specific injury and provides compensation therefor. The respondent argues further that if the statute is thus interpreted, petitioner is not entitled to the specific compensation awarded to him, since the evidence shows that there is some functional use remaining in his toes. In other words the basic contention of respondent amounts to this: The word "stiff" means complete stiffness so as to be useless.

We have carefully considered such contention and have come to the conclusion that to adopt it would be to nullify the plain purpose of the legislature in enacting the amendment of 1954. It will be noted that prior to such amendment the statute provided that the injured bodily member should be rendered permanently stiff "so as to be useless." Then it was necessary for the employee to prove not only that the injured member or portion thereof was permanently stiff but also that such stiffness rendered the member useless. By the amendment of chap. 3297 the legislature excised the phrase "so as to be useless" and substituted in lieu thereof the words "or useless," thus making the statute read in the disjunctive "permanently stiff or useless." Regardless of our opinion of the wisdom of the change we may not by resorting to a strict and narrow construction give a limited meaning to the word "stiff" and thus render abortive the legislative intention which is so clearly evident

from an examination of the old and the amended statute. Therefore there is no merit in respondent's first contention, and the workmen's compensation commission did not err in declining to give the paragraph the strict construction urged by respondent.

The respondent's second contention is substantially answered by the above treatment of its first contention. There does not seem to be any need for further discussion except to say that we are of the opinion that the commission was warranted in giving to the word "stiff" the meaning set out in Webster's New International Dictionary (2d ed.) 1946, p. 2475, to which this court referred in *Walsh* v. *C. J. Fox Co.*, 76 R. I. 345, 347. In the absence of statutory definition or qualification the words of a statute are given their ordinary meaning. *Carlson* v. *McLyman*, 77 R. I. 177; *Mount Pleasant Cab Co.* v. *Rhode Island Unemployment Compensation Board*, 73 R. I. 7.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*John F. McBurney*, for petitioner.

*Francis V. Reynolds, Richard P. McMahon*, for respondent.