BROADWAY AUTO SALES, INC. *et al. vs.* ROMEO D.
ASSELIN, *Registrar.*
HURD & GOLDBERG, INC. *et al. vs.* ROMEO D.
ASSELIN, *Registrar.*
IMPERIAL CAR RENTAL CORP. *vs.* ROMEO D.
ASSELIN, *Registrar.*
DUNNE LEASES CARS and TRUCKS, INC. *vs.* ROMEO D.
ASSELIN, *Registrar.*
EASTERN LEASING CORPORATION *vs.* ROMEO D.
ASSELIN, *Registrar.*

DECEMBER 18, 1961.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

ROBERTS, J. These five petitions of appeal from an order of the registrar of motor vehicles in each cause denying the relief prayed for were originally brought against Romeo D. Asselin, Registrar, but now by stipulation are against Laure B. Lussier, Registrar, as the successor in office of the respondent Romeo D. Asselin. They were filed in the superior court pursuant to the provisions of G. L. 1956, §31-2-19, wherein it is provided specifically that such petitions will follow the course of equity. They were heard by a justice of the superior court, who thereafter reversed the decision of the registrar and entered an order in each cause granting certain of the petitioners' prayers for affirmative and injunctive relief. From that order in each cause the respondent registrar has appealed to this court.

It is agreed by the parties that the same issue of law is raised in each cause and that the right of each petitioner to the relief sought, both affirmative and injunctive, will be determined by the decision of this court in the appeal of Dunne Leases Cars and Trucks, Inc. Therefore, in discussing the questions raised for our consideration, we will refer only to this petitioner, it being understood, however,

that such decision will be given full force and effect in each of the other causes.

The material facts are not in dispute. The petitioner is a Rhode Island corporation engaged in the business of renting and leasing motor vehicles for the use of its customers. The pertinent transactions are not sales of the vehicles, for title remains in it and the vehicles are registered in its name. It is the custom of petitioner to designate as "rentals" those agreements for the use of the vehicles for short periods of time, while such agreements covering a year or more are designated as "leasings." It does not itself engage in the business of transporting persons or goods for hire, and in every contract pertinent to the issue herein raised the use of the vehicles for the transportation of goods or persons for hire is prohibited for reasons arising out of limitations set out in its insurance coverage.

In G. L. 1956, title 31, the legislature has provided, inter alia, for the registration of motor vehicles by the registry. In §31-6-1 thereof there is established a schedule of the fees to be paid to the registry for the registration of such vehicles. The primary determination of the amount of the fee to be paid for such registration of any particular vehicle is predicated upon the basis of its weight. However, in subparagraph E of said §31-6-1 it is provided that the registration fee to be paid for a motor vehicle "for hire" is to be double the amount of the fee established in the schedule for that particular vehicle, specifically excepting citizens of the town of New Shoreham from this requirement of the payment of double fees. Subparagraph E reads as follows: "For the registration of every motor vehicle for hire, double the above rates. Except that any citizen of the town of New Shoreham shall not be required to pay the double rate specifically provided for in this section; provided, however, that the motor vehicle so used by such citizen of New Shoreham shall be properly registered in accordance with chapters 3 to 9, inclusive, of this title."

406

It appears from the record that the respondent registrar, holding that the vehicles rented by petitioner are vehicles "for hire" within the meaning of subpar. E, required petitioner to pay the double fee provided for in §31-6-1. In 1960 petitioner, apparently intending to pursue the remedy provided in §31-6-14 (b), filed with the respondent registrar a petition for a refund of that portion of the registration fee by it paid in excess of the regular fees prescribed for its motor vehicles in §31-6-1. In February 1960 a hearing was held on this petition by the respondent registrar, who thereafter issued the order denying the petition for the refund sought by petitioner.

The petitioner then filed the instant petition of appeal to the superior court under the pertinent provisions of the statute. After a hearing thereon the superior court found, in substance, that petitioner's vehicles were not motor vehicles for hire within the meaning of that term as defined in §31-1-3 (g) and therefore were not subject to the double registration fee provided in §31-6-1 (E). From an order entered pursuant thereto the respondent registrar has appealed to this court. He contends that the finding of the trial justice that petitioner's vehicles were not motor vehicles for hire within the meaning of the statute was error.

This court subscribes to the proposition that ordinarily when the legislature undertakes to define a term used in its statutory enactments, the court is bound by the definition therein set out. *Landry* v. *Cornell Construction Co.*, 87 R. I. 1; *Mount Pleasant Cab Co.* v. *Rhode Island Unemployment Compensation Board*, 73 R. I. 7. In the instant case G. L. 1956, title 31, known as the motor vehicle code act, in §31-1-2 provides that certain definitions set out in §31-1-3 are to be applied to the term so defined whenever it is used in the code. In view of the directive set out in §31-1-2 this court is bound by the definition of a motor vehicle for hire in §31-1-3 (g) when seeking to ascertain whether a particular vehicle is for hire within the purview

of the double registration fee provisions of §31-6-1 (E).

Subsection (g) of §31-1-3 reads: "Motor vehicle for hire. Every motor vehicle other than jitneys, public busses, hearses and motor vehicles used chiefly in connection with and the conduct of funerals, used for transporting persons for which compensation in any form is received, or motor vehicles rented for transporting persons either with or without furnishing an operator." In pressing his appeal from the decision below, respondent concedes that the motor vehicles of petitioner here are not within the purview of the first clause of the definitional statute, that is, they are not motor vehicles "used for transporting persons for which compensation in any form is received * * *." The respondent does, however, contend that these vehicles do come within the purview of the second clause of the statute, that is, they are motor vehicles "rented for transporting persons either with or without furnishing an operator."

The petitioner, as we understand it, predicates its argument on an assumption that the definitional portions of the statute here under consideration are ambiguous and that therefore we must invoke the canons of statutory construction in order to ascertain the legislative intent. The petitioner apparently bases this contention on the use of the phrase "transporting persons" in each of the clauses of the definitional statute as importing ambiguity which renders uncertain the intention of the legislature to include therein all motor vehicles used in the business of transportation for a consideration. We are unable to agree. In our opinion there is no ambiguity in the statute that in any manner obscures the legislature's intent to classify as motor vehicles for hire all such vehicles used in the business of providing for the transportation of persons for a consideration other than those which it expressly excepted in the pertinent section of the statute.

The extensive use of motor vehicles in commerce today for the purpose of furnishing transportation is a matter of

common knowledge and one of which this court will take judicial notice. The demand for such service has given rise to a vast industry which in general supplies such transportation in either of two methods of operation. One of the methods thus employed is to provide the customer with transportation from point to point for a consideration in a motor vehicle, the custody and control of which remain in the owner or his agent. The second such method for meeting the demand for personal transportation is for the owner of the vehicle to rent or lease it to the person seeking to buy such transportation under a contract in which the custody and control of the vehicle are conferred upon the rentee or lessee.

Reading the definitional provisions of §31-1-3 (g) literally and in the light of the methods employed in the industry to supply such transportation, it becomes clear, in our opinion, that the legislature intended to bring within the purview of its classification as to motor vehicles for hire all vehicles used for that purpose without regard to the precise method under which the vehicle is used.

The legislative intention is made particularly clear by the use of the word "rented" in the second clause of the definitional provision. The employment of the word "rented" clearly distinguishes the second clause from the first clause wherein the word "used" is employed. The significance of this distinction, in our opinion, is that the legislature contemplated the inclusion within its definitional enactment of those vehicles furnished to transport persons under contracts which confer upon the customer the possession and enjoyment of the vehicle. It is our conclusion that the language of the pertinent enactment here is free from ambiguity and expresses a definite and sensible meaning. In such circumstances we will follow our well-settled rule and presume conclusively that that is the meaning which the legislature intended in enacting the statute, and

in its interpretation we will read it literally. *Weimar* v. *Newman*, 78 R. I. 221.

Applying that rule in the instant case, we conclude that it was the legislative intent to enact a definitional statute of comprehensive application that would extend to all vehicles used for the transportation of persons for a consideration whether such vehicles, while being so used, remained in the custody and control of the owner thereof or were delivered by the owner thereof into the custody and control of the rentee or lessee. We further conclude that the record reveals that the vehicles owned by the petitioner here are, under a rental contract or a lease, delivered into the possession and control of the rentee or lessee for the transportation of persons for a consideration and that, therefore, they are motor vehicles for hire within the purview of §31-1-3 (g). It is our opinion then that the trial justice was in error in deciding that petitioner's vehicles were not motor vehicles for hire within the meaning of that term when used in §31-6-1 (E).

The petitioner has briefed and argued certain constitutional issues, the substance of which is that the double registration fee provisions of §31-6-1 (E) are repugnant to the due process and equal protection clauses of the fourteenth amendment to the constitution of the United States. It appears from the record that the trial justice expressly declined to pass upon these constitutional issues as they were therein raised on the ground that, having found that the definitional provisions of the statute were inapplicable to petitioner's vehicles, it would not be heard to complain of the validity of the exception given to the owners of certain motor vehicles for hire under the provisions of §31-6-1 (E).

The petitioner took no appeal from the decision below. In this court, however, he contends that the constitutional issues are properly raised by the appeal of the respondent. With this contention we are unable to agree. When a party to a proceeding in equity fails to prosecute an appeal from

a decree entered therein pursuant to the pertinent statutory provisions, G. L. 1956, chap. 9-24, it is deemed to have elected to abide by such decree and will not be heard to press objections to its validity on an appeal by the adverse party. *Boulanger* v. *Hebert,* 58 R. I. 213, 216; *McElroy* v. *McCarville,* R. I., 71 Atl. 646; *Hazard* v. *Hope Land Co.,* R. I., 69 Atl. 602.

In each cause the appeal of the respondent is sustained, the order appealed from is reversed, and each cause is remanded to the superior court with direction to enter a new order denying and dismissing the petition.

### ON MOTION FOR REARGUMENT.

### JANUARY 11, 1962.

PER CURIAM. After our opinion in the above causes was filed the petitioners asked and received permission to file a motion for reargument. Pursuant thereto they have filed such a motion, setting out therein certain reasons on which they base their contention that justice requires a reargument of the causes.

We have carefully considered those reasons and are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*Israel Press,* for Broadway Auto Sales, Inc., et al.

*Waldman & Waldman,* for Hurd & Goldberg, Inc., et al.

*DeSimone & DeSimone,* for Imperial Car Rental Corp.

*Arcaro, Belilove & Kolodney, Abraham Belilove,* for Dunne Leases Cars and Trucks, Inc., and Eastern Leasing Corporation.

*J. Joseph Nugent,* Attorney General, *Joseph L. Breen,* Chief Special Counsel, for State.