377 A.2d 225.

CHARLES R. FLATHER *vs.* JOHN H. NORBERG,
*Tax Administrator.*

AUGUST 29, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

Bevilacqua, C.J.   This petition for certiorari, filed pursuant to G.L. 1956 (1969 Reenactment) §42-35-16 of the Administrative Procedures Act seeks review of a Superior Court judgment affirming a final decision of the respondent tax administrator holding that the petitioner, at least for the

year 1972, was a resident of the State of Rhode Island as that term is defined in G.L. 1956 (1970 Reenactment) §44-30-5(a) and was, therefore, liable for payment of personal income tax.

On December 10, 1973, the tax administrator notified petitioner, Charles R. Flather, a career naval officer, that personal income tax for the year 1972 in the amount of $342.94 plus interest and penalty was due. Commander Flather petitioned for redetermination of the deficiency on March 11, 1974, and, thereafter, a hearing was held at which the commander sought to establish that he was not a Rhode Island resident because he maintained a "permanent place of abode" outside of the state.[1]

The record indicates that since September 1956, Commander Flather has been stationed with the United States Navy outside the State of Rhode Island. During this period he has lived in at least eight different states and one territory. Generally, his family accompanied him to these various locations; however, in July 1971, he and his wife separated and for 8 months thereafter, he lived alone in bachelors officers' quarters at the San Francisco shipyard. For approximately the next six weeks he was in command of a naval vessel at sea, after which he returned to California where he remained for an additional 3 weeks. In July, he was assigned to Washington,D.C. where, at least until the time of hearing, he lived in an apartment with a month-to-month tenancy in Arlington, Virginia.

Commander Flather's testimony that he owned no real estate, rented no apartment, had not sent his children to school, and did not register his automobile in Rhode Island during the tax year in question was not contradicted at the

---

[1]Additionally, Commander Flather contended at the hearing that he was not domiciled in Rhode Island; the hearing officer found this contention unwarranted, and the trial justice affirmed his finding. That issue is not before us, however, inasmuch as Commander Flather now concedes that "there are probably sufficient facts to support the conclusion that he is a Rhode Island resident domiciliary."

hearing. Commander Flather also testified that he spent only 10 days in Rhode Island during 1972; apparently this was for the purpose of visiting relatives here. He did state, however, that he used the address of his parents, who live in Providence, in filing his federal income tax return; that he voted in Rhode Island by absentee ballot; and that his military records indicated that his home of record was Rhode Island.

In his decision the hearing officer stated that "permanent place of abode" within the meaning of §44-30-5(a)(1) is determined by physical presence and the intent of the taxpayer to establish a permanent abode. Applying this standard the hearing officer determined that the evidence failed to support Commander Flather's position. This decision was approved by the tax administrator.

Commander Flather, having been aggrieved by the administratior's decision, sought judicial review of that decision in Superior Court pursuant to §42-35-15 of the Administrative Procedures Act. The Superior Court justice affirmed the administrator's findings of fact and conclusions of law. Commander Flather then filed a timely petition for certiorari to review the action of the trial justice. His sole challenge is that the judgment of the Superior Court "is clearly in violation of the statutory provision defining 'resident in §44-30-5(a)(1) and clearly erroneous as a matter of law." Thus, the question before us is whether petitioner was a resident of Rhode Island for personal income tax purposes during the year 1972.

In determining whether petitioner is a resident of this state for purposes of personal income tax liability, we subscribe to the rule that when a Legislature undertakes to define a term used in its statutory enactments, the court is bound by the definition therein set out. *Broadway Auto Sales, Inc.* v. *Asselin,* 93 R.I. 403, 406, 176 A.2d 714, 716 (1961); *Landry* v. *Cornell Constr. Co.,* 87 R.I. 1, 137 A.2d 410 (1957); *Mount Pleasant Cab Co.* v. *Rhode Island*

*Unemploy. Compensation Bd.,* 73 R.I. 7, 53 A.2d 485 (1947). The definition of "resident" as used in the personal income statutes is contained in §44-30-5(a)(1) which reads in relevant part:

> "(a) Resident individual. — A resident individual means an individual:
>
> (1) Who is domiciled in this state, unless he maintains no permanent place of abode in this state, maintains a permanent place of abode elsewhere, and spends in the aggregate not more than thirty (30) days of the taxable year in this state * * *."

The petitioner has conceded the fact that he is a domiciliary of Rhode Island. Accordingly, he must be able to meet the requirements contained in subsection (1) in order to be considered a nonresident.

It is not contested that Commander Flather maintained no permanent place of abode in Rhode Island and that he spent less than 30 days in this state during the taxable year. The only question before us, then, is whether petitioner maintained a permanent place of abode other than Rhode Island during 1972. In urging error, petitioner does not dispute the findings of fact determined by the tax administrator in this respect but, rather, contends that the administrator, in effect, equated "permanent place of abode" with "domicile" by applying the same standard to each determination. We agree.[2] In his decision the hearing officer stated that "[a]s in 'domicile,' a 'permanent place of abode' is determined by physical presence and *the intent of the taxpayer to establish a permanent abode."* (Emphasis added.) While a literal reading of §44-30-5(a)(1), giving full effect to the word "permanent," would support the tax ad-

---

[2]Since the issue here involves the application of a statute to uncontradicted facts, we are confronted purely with a question of law which is properly reviewable by this court. General Laws 1956 (1969 Reenactment) §42-35-16. *Accord, Lemoine* v. *Department of Mental Health, Retardation & Hosps.,* 113 R.I. 285, 288, 320 A.2d 611, 613 (1974).

ministrator's position, it results in the inescapable conclusion that the words "domicile" and "permanent place of abode" are synonymous. Such an interpretation would render the section inefficacious, a result which would violate the principle of statutory construction which declares that "no court will ascribe to a legislature the intent to enact a law inefficacious and nugatory." *Town of Scituate* v. *O'Rourke*, 103 R.I. 499, 509, 239 A.2d 176, 182 (1968). Furthermore, statutes should not be read literally when to do so would result in a patent absurdity. *State* v. *Haggarty*, 89 R.I. 158, 161, 151 A.2d 382, 384 (1959).

It is true that "residence is sometimes construed to mean domicile and the terms are often used to connote the same meaning." Reese & Green, *That Elusive Word, "Residence."* 6 Vand. L. Rev. 561, 569-74 (1953). Nonetheless, domicile, as it is properly understood, has a reasonably distinguishable and constant meaning.

> " 'To establish a domicile and become a domiciled inhabitant there must be an actual abode in the state with the intention in good faith to live here permanently and without any *present* intention of changing the home in the future. Actual residence without such intention does not suffice.' " *Nevin* v. *Nevin*, 88 R.I. 426, 433, 149 A.2d 722, 725 (1959), *quoting McCarthy* v. *McCarthy*, 45 R.I. 367, 369, 122 A. 529, 531 (1923).

Generally, the controlling factor in determining a person's domicile is whether he or she possesses the requisite domiciliary intent. *Soucy* v. *Knight*, 52 R.I. 405, 408-09, 161 A. 132, 133 (1932).

Residence, on the other hand, is not a word of fixed legal definition but must be interpreted according to the context and the purpose of the statute in which it is found. *District of Columbia* v. *In re H.J.B.*, 359 A.2d 285 (App. D.C. 1976). *See* Reese & Green, *That Elusive Word,*

*"Residence,"* *supra,* at 563-64; Cramton, Currie, & Kay, *Conflict of Laws* 48 (2d ed. 1975).

The legislative intent which must be given effect here is that of establishing a fair and practicable basis for personal income taxation. It is evident that the purpose of §44-30-5(a) is to insure that all those who are in Rhode Island for other than a temporary or transitory purpose, enjoying the benefits and protection of the state, should in return contribute to the support of the state. Conversely, an individual, even though domiciled in Rhode Island, who maintains a permanent place of abode outside of the state and spends in the aggregate not more than 30 days of the taxable year in this state retains only minimal contacts here and avails himself of none of the state's benefits. Thus, the individual does not have a sufficiently close relationship to the state to make fair and practicable the imposition of tax liability for personal income. Accordingly, the Legislature has provided that in such circumstances a domiciliary need not contribute to the support of the state.

With this in mind, then, we must determine the intended meaning of the phrase "permanent place of abode" and in doing so we recognize that the Legislature is presumed to have known the state of the existing relevant law when enacting the statute. *Aust* v. *Marcello,* 112 R.I. 381, 387, 310 A.2d 758, 761 (1973).

Abode is generally understood to mean a person's place of dwelling, i.e., where he actually lives regardless of the length of time he has spent there. *See Soucy* v. *Knight, supra; State* v. *Aldrich,* 14 R.I. 171 (1883). The significant factor in determining abode is that the individual treat it as his or her settled place of residence. In the instant case it is not contested that at all times during 1972 petitioner maintained his place of abode outside of Rhode Island. Nevertheless, the tax administrator argues that inasmuch as petitioner is always, at least potentially, subject to military

orders for transfer he can never establish a "permanent abode" within the meaning of the tax statute.[3]

We believe that such a strict interpretation of the word "permanent" not only militates against an efficacious reading of the statute but also undermines the intended purpose of the statute as we have interpreted it. In our view the establishment of a permanent place of abode requires the maintenance of a fixed place of abode over a sufficient period of time to create a well-settled physical connection with a given locality. *See* Reese & Green, *That Elusive Word, "Residence," supra* at 575. Significant factors, among others to be considered in determining whether an individual maintains such a permanent place of abode, are: (1) the amount of time he spends in the locality (2) the nature of his place of abode (3) his activities in the locality and (4) his intentions with regard to the length and nature of his stay. We conclude that the hearing officer erred as a matter of law in misconstruing the phrase "permanent place of abode" to possess qualities which properly belong only to the word domicile. We now apply the intended meaning of the phrase to the facts in the instant case.

From July 1, 1972 until at least December 31, 1972, Commander Flather made his home in Arlington, Virginia, during which time he lived continuously in the same leased apartment. Additionaly, we note that he owned real property and purchased and registered an automobile in Virginia at that time. It is evident then that he availed himself of the benefits and protections that accrue to inhabitants of that state. Conversely, during this period he

---

[3]The tax administrator on January 3, 1972, issued a ruling which states in part:

> "It is the position of the Tax Division that absence from the state on duty in the armed forces is of a transitory and temporary nature, irrespective of the period of service."

While an administrative construction of a statute by the agency charged with its enforcement is entitled to great weight, it will not be considered controlling by reviewing courts if the construction is clearly erroneous or unauthorized. *E.g., Indiana Dep't of State Revenue* v. *Colpaert Realty Corp.*, 231 Ind. 463, 109 N.E.2d 415 (1952).

had only minimal contacts with Rhode Island: he voted in ths state by absentee ballot; he used the Rhode Island address of his parents, but only on his federal income tax return; and he was present in the state for only about 10 days. The fact that Commander Flather is an active member of the armed services living on or off the base should not be solely determinative of whether he has established and maintained a "permanent place of abode" in a state other than Rhode Island. *LaVigne* v. *State Tax Comm'n*, 38 App. Div. 2d 773, 328 N.Y.S. 2d 10 (1972); *Ryan* v. *Chapman*, 273 App. Div. 99, 76 N.Y.S. 2d 341 (1948).

Under these circumstances we conclude that the petitioner maintained a permanent place of abode outside of the State of Rhode Island and inasmuch as he has satisfied the other requirements of §44-30-5(a)(1) he is entitled to the exemption contained therein.

The petition for certiorari is granted, the judgment entered in Superior Court is quashed, and the record in this case is remanded to that court with our decision endorsed thereon.

*Edwards & Angell, Charles G. Edwards, Anne L. Northrup,* for petitioner.

*Julius C. Michaelson,* Attorney General, *Allen P. Rubine,* Special Assistant Attorney General, *Perry Shatkin,* Chief Legal Officer (Taxation), for respondent.