DECISION
This is an appeal from a residency determination made by the Commissioner of Education for the State of Rhode Island. Jurisdiction in this Superior Court is pursuant to R.I.G.L. 1956 (1988 Reenactment) § 16-64-6 and R.I.G.L. 1956 (1988 Reenactment) § 42-35-15.
Facts/Travel
The plaintiff, a child with a disability, and his parents have lived in the City of Providence for a number of years. Since March 1983, the plaintiff has resided at the Tavares Pediatric Clinic, a nursing facility serving children in Providence. As a result of the plaintiff's and his parents' residency status, the City of Providence has provided educational and related services benefits to him. Due to his special education needs, the plaintiff has been attending the Meeting Street Center since 1986.
In June 1993, the plaintiff's parents moved to Hialeah, Florida. The plaintiff, however, has continued to live in Rhode Island and attend the Meeting Street Center. Thus, in August 1993, the Providence School Board filed a request with the State Commissioner of Education to resolve the residency dispute. In September 1993, the Commissioner applied the residency factors outlined in R.I.G.L. § 16-64-1 and determined that the plaintiff was a resident of Hialeah, Florida for school enrollment purposes since the date of his parents' move to Florida.
In April 1994, the plaintiff sought a reconsideration hearing from the State Commissioner of Education or in the alternative, a new residency determination. Once again, the Commissioner ruled that the plaintiff was a resident of Hialeah, Florida. The Providence School Board subsequently discontinued paying for the plaintiff's educational benefits. The instant appeal followed.
Standard of Review
The review of a decision of the Commission by this Court is controlled by R.I.G.L. § 42-35-15(g) which provides for review of a contested agency decision:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the agency; (3) Made upon unlawful procedure; (4) Affected by other error or law; (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Commission's decision. Newport Shipyard v. RhodeIsland Commission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (quoting Caswellv. George Sherman Sand Gravel Co., 120 R.I. 1981,424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency.Berberian v. Dept. of Employment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. CoastalResources Management Council, 434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts. Carmody v. R.I. Conflicts ofInterests Commission, 509 A.2d at 458.
Residency for School Purposes
R.I.G.L. § 16-64-2 provides that a child is eligible to receive his education from the city or town wherein he resides. That duty continues "until his or her residence has been established in another town and that town has enrolled the child within its school system, unless the commissioner of elementary and secondary education, pursuant to § 16-64-6 has ordered otherwise." R.I.G.L. § 16-64-2.
The Rhode Island Supreme Court has stated that residence does not possess a fixed legal definition, but "must be interpreted according to the context and the purpose of the statute in which it is found." Flather v. Norberg, 119 R.I. 276, 281,377 A.2d 225 (1977). The criteria for residency of children for school purposes is set forth in R.I.G.L. § 16-46-1. Said statute provides in pertinent part that a child is a resident of the town where his or her parents reside.
Whenever a particular school district disputes the residency of a child, it may file a petition to adjudicate the child's residence with the State Commissioner of Elementary and Secondary Education. Then, the Commissioner is required to give notice to all interested parties, conduct a hearing on the petition, and issue a final order. R.I.G.L. § 16-64-6.
It is well-recognized principle of this Court to accord deference to an administrative agency when it interprets a statute whose administration and enforcement have been entrusted to the agency. Pawtucket Power Assoc. Ltd. Partner. v. City ofPawtucket, 622 A.2d 452, 456 (R.I. 1993). Deference is accorded even when the agency's interpretation is not the only permissible interpretation that could be applied. Id. at 456-57. Remember, however, we need not accord the same "blind" allegiance.
In this case, the Commissioner conducted two separate residency hearings after appropriate petitions were filed. On both occasions, the Commissioner interpreted the residency statute and found the plaintiff to be a resident of Hialeah, Florida. Thus, he ordered the plaintiff's parents to request the Florida school district to provide the appropriate public education.
The plaintiff avers that the Commissioner, in deciding residency, incorrectly assumed that the plaintiff's parents had refused to enroll him in the Florida school district and that their intent was to seek a residential special education program. However, this Court's reading of the record did not support such a factual argument. To the contrary, the Commissioner concluded that the parents' participation in, and signature on an individual program plan (IEP) for the plaintiff's placement in a Hialeah middle school constituted an enrollment in the Florida school system. Further, the record revealed that the parents had transferred the plaintiff's records to the Hialeah school department.
After a review of the record, this Court finds that the foregoing evidence substantially supports the Commissioner's decision. Legally competent evidence exists to affirm the Commissioner's finding that the plaintiff is a resident of Hialeah, Florida for school enrollment purposes.
Prior Superior Court Decision
Next, the plaintiff alleges that the Commissioner erred by discounting a recent Superior Court decision dealing with a residency dispute handled by the Commissioner of Education. This Court finds the contention without merit.
The proceedings of administrative agencies are merely quasi-judicial in nature. Sartor v. Coastal Resources Mgmt.Council, 542 A.2d 1077, 1081 (R.I. 1988). The Rhode Island Constitution vests in the Rhode Island Supreme Court the ultimate power to determine the law. See Higgins v. Tax Assessors ofPawtucket, 27 R.I. 401, 404-05, 63 A. 34 (1905). Thus, Rhode Island Supreme Court opinions declare the law and announce binding precedent which must be followed by any inferior courts.D'Arezzo v. D'Arezzo, 107 R.I. 422, 426-27, 267 A.2d 683
(1970).
In this case, the Commissioner did consider the prior consolidated Superior Court case even though the decision had no binding value as precedent. The Commissioner reviewed the case and found that it was distinguishable from the plaintiff's facts.
This Court agrees with his decision. In the prior consolidated case of Barrington School Committee v. McWalters,
C.A.P.C. No. 92-7250, and Emma Pendleton Bradley Hosp. v.McWalters, C.A.P.C. No. 92-7298, the judge remanded the case to the Commissioner in order to determine where the student in that case had become a resident. In this proceeding, the Commissioner made a determination that the plaintiff was a resident of Hialeah, Florida in accordance with the school residency statute. Therefore, the Commissioner did not err in concluding that the prior Superior Court case was distinguishable.
Conclusion
For the aforementioned reasons, this Court finds that the Commissioner's finding that the plaintiff was a resident of Hialeah, Florida for school enrollment purposes is supported by reliable, probative and substantial competent evidence in the record and that plaintiff's rights have not been prejudiced. Further, the Commissioner neither exceeded his authority nor erred as a matter of law in distinguishing the prior Superior Court decision. Accordingly, the Commissioner's decision is hereby affirmed.
Counsel shall submit the appropriate judgment for entry.