DECISION
Plaintiff Dorothea Shola (Shola) seeks reversal of the administrative decision rendered by the Retirement Board of the Employees' Retirement System of Rhode Island which determined that Shola's previous purchase of credit in the Retirement System to be "service credit" within the meaning of G.L. § 36-10-9-(3)(iv) and therefore limited her purchases to a total service credit of five years. Jurisdiction is pursuant to G.L. 1956 § 42-35-15.
 Travel/ Facts Employment History
Shola first began her long-standing employment with the State as a senior clerk typist in the Personnel Department from approximately February 20, 1956 to January 18, 1957. Although she was covered by the Retirement System[1] during this period, she withdrew money from the system at the close of this employment. That withdrawal was subsequently repurchased.
Sometime in June, 1970, Shola returned to State employment as an Intermittent Claims Supervisor for the Department of Administration, and continued in this capacity until approximately November 8, 1970, when she was appointed to a position as a Planning Technician within the same Department. Shola continued to be employed by the Department of Administration until approximately November 10, 1973. Although she was a full time state employee, and although the laws in effect at the time appear to have required her participation in the state employees' retirement system1 during this period, for unknown reasons she did not contribute to the retirement plan. At hearing, the Assistant Executive Director of the Employees' Retirement System stated that he was unable to explain why these contributions were not withheld during this time frame. (See Hearing, 7/15/1999 at 22.) This period of non-participation is key to the within appeal before the Court.
Thereupon, Shola transferred to the [then] Department of Social Rehabilitation, [presently the Department of Human Services], where she was employed as an eligibility technician. During the course of this employment, Shola took three unpaid periods of leave and suffered one or more work-related injuries, entitling her to receive Worker's Compensation benefits during a portion of said employment.
 Purchase of Credit in the Retirement System
As a customary practice, when an individual is still employed as a State employee, but not working and not contributing to the Retirement System, that individual may pay that sum of money back into the system, plus interest, to receive credit for the period for which the leave was taken. (See Hearing 7/15/1999 at 25.) Shola repurchased credit for the retirement withdrawal made with respect to her 1956-57 employment with the Department of Personnel.[2] On March 19, 1980, Shola purchased credit for her employment during the period from June 8, 1970 through October 1, 1973, when she did not contribute to the state retirement plan for unknown reasons. The total credits purchased for this period was three years, three months, and twenty-three days. On May 23, 1986, Shola purchased five months credit for her leave of absence during 1983 and two months credit for her employment during the period January 1, 1986 through March 1, 1986. Finally, on September 12, 1988, Shola purchased one month credit for her leave of absence in 1987. These most recent purchases, totaling eight months of credits to complete calendar years, 1983, 1986, and 1987 are not in dispute between the parties.
The aforementioned four credit purchases total three years, eleven months and twenty-three days. Because there is a five year cap imposed by G.L. § 36-10-9, Shola would arguably only be entitled to purchase an additional one year and seven days to cover the period she was not contributing to the system. The five year limitation in G.L. § 36-10-9
(3)(iv) provides in pertinent part:
 "Notwithstanding any other provision of law, no more than five (5) years of service credit may be purchased by a member of the System. The five (5)-year limit does not apply to any purchases made prior to the effective date of this provision. A member who has purchased more than five (5) years of service credit maximum, before January 1, 1995, shall be permitted to apply the purchases towards the member's service retirement. However, no further purchase will be permitted. Repayment, in accordance with applicable law and regulation, of any contribution previously withdrawn from the System is not deemed a purchase of service credit."
In 1998, Shola applied for a regular "Service Allowance Pension" consistent with G.L. § 36-10-9 and requested to purchase four years and four months of service credits to cover the period of time that she was on Workers' Compensation.
Subsequently, on March 4, 1999, the Retirement System issued its administrative decision informing Shola that her purchase of service credit for the period June 8, 1970 through October 1, 1973 was part of her total service credit purchases and thereby subject to the five year limitation imposed by G.L. § 36-10-9 (3)(iv).
Thereafter, in April 1999, Shola appealed this administrative decision and the matter was assigned to a Hearing Officer for review. On July 15, 1999, a hearing was held and arguments were presented by both parties. In August, 1999, the Hearing Officer issued a decision affirming the March 4, 1999 administrative decision. The Hearing Officer's decision states that Shola's 1980 service credit purchase of three years, three months, and twenty three days is included in the calculation of the five year cap imposed by G.L. § 36-10-9 (3)(iv). Thus, Shola would only be entitled to purchase one year and seven days of additional service credits since her previous purchases of service credits totaled three years, eleven months, and twenty-three days. On August 18, 1999 Shola appealed this decision to the Retirement Board. On October 13, 1999, the Retirement Board affirmed the Hearing Officer's Decision and Shola brought the instant appeal.
 Standard of Review
This Court will review the decision of the Retirement Board pursuant to G.L. 1956 § 42-35-15(g), which provides that when reviewing a contested agency decision:
 "(g) The court shall not substitute its judgment for that of the agency as to the weight of evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other errors or law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
This section prohibits a reviewing court from substituting its judgment for that of the agency with regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Baker v. Department of Employment and Training Bd. of Review, 637 A.2d 360, 363 (R.I. 1994) (citing Costa v. Registrar of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988)). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Retirement Board's decision. Newport Shipyard v. Rhode Island Commission for Human Rights, 484 A.2d 893
(R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897 (quoting Caswell v. George Sherman Sand Gravel Co., 424 A.2d 646, 647 (R.I. 1981)). Thus, factual conclusions of administrative agencies may only be reversed when they are utterly devoid of competent evidentiary support in the record. Rocha v. State Public Utilities Commission, 694 A.2d 722, 726 (R.I. 1997). In conducting that review, the trial court may not, on questions of fact, substitute its judgment for that of the agency whose action is under review even in a case in which the court "might be inclined to view the evidence differently and draw inferences different from those of the agency." Johnston Ambulatory Surgical Associates, Ltd. v. Nolan, 755 A.2d 799, 805 (R.I. 2000) (quoting Rhode Island Public Telecommunications Authority v. Rhode Island State Labor Relations Board, 650 A.2d 479, 485 (R.I. 1994)). However, questions of law are not binding upon a reviewing court and may freely be reviewed to determine what the law is and its applicability to the facts. Carmody v. R.I. Conflict of Interest Commission, 509 A.2d 453, 458 (R.I. 1986).
 The Crux of the Appeal
The core issue of contention between the parties is whether Shola is entitled to purchase service credits for the term of four years and four months (to cover the period of time that she was on Workers' Compensation) or is limited to one year and seven days because of the five year cap on service credits imposed by G.L. § 36-10-9 (3)(iv).
Shola contends that she was a full-time state employee at the time these contributions should have been made in 1970 through 1973. Thus, Shola argues that "she is being penalized by having the 5-year cap applied because these funds [from 1970-1973] should have been taken out in the first place . . . so she's correcting a mistake." (See Hearing 7/15/99 at 31.)
In response to this assertion, the Hearing Officer determined "the purchase of credit for service, for whatever reason, including the correction of a perceived `mistake' is the purchase of service credit within the meaning of G.L. § 36-10-9" and therefore subject to the five year limitation. (See Hearing Officer's Decision, 8/18/99 at 3.) (Emphasis added.)
At hearing, the parties devote a fair amount of time speculating as to possible reasons why contributions were not, in fact, made for the period of Shola's employment from 1970 through 1973. In response to this issue, the Retirement Board states that:
 "We do not have the ability to make that determination . . . [i]t is the Department of Administration, her employer at that time, where the grievance should have been taken or maybe should still be taken as to why her employment was deemed at that time not to be employment for which contributions were required." (Hearing 10/13/1999 p. 5-6.)
Both parties have reiterated that they do not know what employee program Shola was involved in, absent any documentation, and cannot explain why the contributions were not taken at the time. (See Hearing 10/13/99 pp. 6, 9.) ("There are numerous reasons why certain job classifications are not considered to be under the requirements of retirement and we have no documentation that was put in either for or against what position she was in"). To further corroborate both Shola's and the Retirement Board's position that they could not explain the reasons underlying this lack of contribution to the system, and indeed, Shola's own employer at the time could not provide an explanation, the Executive Director of the Employees' Retirement System read the following statement into the record from the Department of Administration:
 "[This Department] cannot indicate that the State of Rhode Island forgot to deduct retirement contributions for the above time frame, nor will [it] indicate due to our error contributions that should have been taken or not." [The Department has] been told that at that time frame, persons working in full-time, limited-period positions which were Federally state funded within the planning division did not contribute to the Retirement System." (Hearing 10/13/1999 p. 10.)
Clearly, the parties made every attempt to explain why the contributions were not taken out by Shola's employer at the time. Having found no underlying explanation, although one is certainly not necessary, the Retirement Board must "take the position on the statute." (Hearing 10/13/99 p. 6.) This Court is precluded from drawing its own inferences different from those of the Retirement Board on this evidentiary issue. See Johnston Ambulatory Surgical Associates, Ltd. v. Nolan, 755 A.2d 799, 805 (R.I. 2000). A purchase of service credit must fall within the parameters of G.L. § 36-10-9, and any underlying reasons for that purchase is beyond the scope of the statute and this review
Furthermore, it has been well established by our Supreme Court that great weight and deference will be accorded to an administrative agency "when it interprets a statute whose administration and enforcement have been entrusted to the agency." Pawtucket Power Associates Ltd. Partnership v. City of Pawtucket, 622 A.2d 452, 456-457 (R.I. 1993) (citing Young v. Community Nutrition Institute, 476 U.S. 974, 106 S.Ct. 2360, 90 L.Ed.2d 959 (1986); Chemical Manufacturers Association v. Natural Resources Defense Council, Inc., 470 U.S. 116, 105 S.Ct. 1102, 84 L.Ed.2d 90 (1985); Lawrence County v. Lead-Deadwood School District No. 40-1, 469 U.S. 256, 105 S.Ct. 695, 83 L.Ed.2d 635 (1985); Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); United States v. Turkette,452 U.S. 576, 101 S. Ct. 2524, 69 L.Ed.2d 246 (1981)); see also Berkshire Cablevision of Rhode Island, Inc. v. Burke, 488 A.2d 676, 679 (R.I. 1985); Statewide Multiple Listing Service, Inc. v. Norberg, 120 R.I. 937, 940-41, 392 A.2d 371, 373 (1978); Flather v. Norberg, 119 R.I. 276, 283 n. 3, 377 A.2d 225, 229 n. 3 (1977). Moreover, deference is accorded even when the agency's interpretation is not the only plausible interpretation that could be applied, so long as the agency's interpretation is not clearly erroneous or unauthorized. Asadoorian v. Warwick School Committee, 691 A.2d 573 (R.I. 1997); Pawtucket Power Associates Ltd. Partnership v. City of Pawtucket, supra, (citing Young, 476 U.S. at 981, 106 S. Ct. at 2365, 90 L.Ed.2d at 967). This Court finds that the Employees' Retirement System's interpretation of G.L. § 36-10-9 (3)(iv) was not clearly erroneous or unauthorized and shall be accorded deference by the Court. Shola is limited by the five year cap on service credit purchases and is only entitled to purchase an additional one year and seven days of credit.
After review of the entire record, the Court finds that the Decision by the Retirement Board was not in violation of constitutional or statutory provisions, was not in excess of the statutory authority of the agency, was not clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record and was made upon lawful procedure. The Retirement Board's actions were not arbitrary or capricious or characterized by an abuse of discretion and not affected by other error of law. Accordingly, the plaintiff's appeal is denied, and the decision of the Employees' Retirement Board of Rhode Island is hereby affirmed.
Counsel shall prepare the appropriate judgment for entry.
[1] G.L. § 36-9-2 provides that "[a]ll employees as defined in chapter 8 of this title who became employees on or after July 1, 1936, shall, under contract of their employment, become members of the retirement system." However, there are numerous exceptions to this requirement. For example, part-time employees hired to work less than 20 hours per week, employees who were hired in different capacities or who were involved in federal programs such as CETA were not required to participate in the state retirement system.
[2] The record does not reveal when in fact this repurchase was made. However, the parties have stipulated to this fact at hearing.